IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS,
DELTA DIVISION 2

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP **1 8** 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**DEBRA COOK**  and

**MARIA FLORA,**

**Case No:** 2:20-CV-186-DPM

**PLAINTIFFS**

vs.

**JURY TRIAL DEMANDED**

**AUTOBAHN FREIGHT LINES, LTD.,**

and

**ALEXANDRU CALINA,**

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Kearney_

**DEFENDANTS**

## COMPLAINT

**COMES NOW** Plaintiffs, Debra Cook and Maria Flora, separately and individually, by and through their undersigned attorneys, and for their cause of action against Defendants Autobahn Freight Lines, LTD. and Alexandru Calina, states as follows to the Court:

## GENERAL ALLEGATIONS

1.     Plaintiffs are residents and citizens of the State of Missouri.

2.     At all relevant times, Defendant Autobahn Freight Lines, LTD. is Michigan corporation registered with the Michigan Secretary of State, with its principal place of business and registered agent located at 6388 Inkster Rd., Romulus, MI 48174.

3.     Defendant Calina is a resident and citizen of the State of Georgia.

1

4.     This court has original jurisdiction over the matter and parties pursuant to 28 USC § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     Defendant Calina was operating a 2000 Volvo Conventional Truck ("hereinafter tractor-trailer") at the time of the collision.

6.     At all times relevant to this case, Defendant Calina was an agent and/or employee (hereinafter to refer to statutory or otherwise) of defendant Autobahn Freight Lines, LTD. and was acting within the course and scope of his agency and/or employment.

7.     At the time of the collision referenced in this complaint, Defendant Autobahn Freight Lines, LTD. was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

8.     Prior to September 26, 2017, Autobahn Freight Lines, LTD. had applied for operating authority as a contract carrier to the Federal Motor Carrier Safety Administration.

9.     At all relevant times and at the time of this crash, Autobahn Freight Lines, LTD. was operating as an interstate commercial motor carrier.

10.     At all relevant times and at the time of this crash, Autobahn Freight Lines, LTD. was operating as a for-hire motor carrier.

11.     At all times relevant herein and at the time of this crash, Defendant Autobahn Freight Lines, LTD. was a commercial motor carrier engaged in interstate commerce, transporting goods for hire throughout the United States.

12.     At all times relevant herein and at the time of this crash, Defendant Autobahn Freight Lines, LTD. was acting individually and through its drivers, agents, servants, joint

venturers, and/or employees, each of whom were acting within the course and scope of their employment with Defendant Autobahn Freight Lines, LTD..

13.     At all times relevant herein and at the time of this crash, Defendant Calina was operating the tractor-trailer in the course and scope of his employment and agency with Defendant Autobahn Freight Lines, LTD.

14.     Defendant Autobahn Freight Lines, LTD. is liable for all acts and omissions of Defendant Calina while he/it was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

15.     Defendant Autobahn Freight Lines, LTD., and its agents, servants, employees, and drivers, including Defendant Calina, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

16.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer." 49 C.F.R. §390.5.

17.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

3

18.     At all times relevant to this case, Defendant Calina was a driver of the tractor-trailer and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

19.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

20.     At all times relevant to this case, the tractor-trailer driven by Defendant Calina was a semi-trailer and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

21.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it.  49 C.F.R. §390.5.

22.     At all times relevant to this case, Defendant Autobahn Freight Lines, LTD. was an "employer," as defined by the Motor Carrier Safety Regulations.

23.     The State of Arkansas has adopted Title 49, Parts 382-384 and 390-399 of the Federal Motor Carrier Safety Regulations.

24.     At the time of this incident and at all times herein mentioned, Defendant Calina was operating the Freightliner as a driver for Defendant Autobahn Freight Lines, LTD.

25.     On or about September 26, 2017, at approximately 3:00 p.m., Plaintiff Debra Cook was operating a Toyota Odyssey Motorhome, traveling southbound on I-55 near Mile Marker 10 in Marion, Crittenden County, Arkansas.

26.     At that time and place, Plaintiff Maria Flora was a passenger in Plaintiff Debra Cook's vehicle

4

27.     At that time and place, Plaintiffs Debra Cook and Maria Flora were traveling in the outside southbound lane of Interstate 55.

28.     At that time and place, a tractor-trailer operated by Kevin Murphy was traveling directly in front of Plaintiff Debra Cook's vehicle.

29.     At that time and place, Defendant Calina was operating his tractor-trailer directly behind Plaintiff Debra Cook's vehicle.

30.     At that time and place, Debbie Minyard was operating a Nissan Altima in the inside southbound lane of Interstate 55 beside Plaintiff Debra Cook's vehicle.

31.     At that time and place, Kevin Murphy, Plaintiff Debra Cook and Debbie Minyard began to slow due to traffic congestion ahead from construction work.

32.     At that time and place, Plaintiff Debra Cook was driving cautiously through this area of highway construction and/or highway maintenance.

33.     At that time and place, Defendant Calina did not come to a stop and collided with the rear of Plaintiff Debra Cook's vehicle.

34.     As a result of the impact, Plaintiff Debra Cook's vehicle was pushed into the side of Debbie Minyard's vehicle.

35.     Plaintiff Debra Cook's vehicle was then caused to travel to the right into the driver's side rear of the trailer Kevin Murphy was hauling.

36.     Defendant Calina pled guilty to the charges of driving too fast for conditions.

37.     Defendant Calina pled guilty to the charges of failure to reduce speed to avoid an accident.

38.     Southbound Interstate 55 at the crash location is a much traveled, open, and publicly dedicated state roadway and thoroughfare in the State of Arkansas.

39.     At the time of the crash, the truck operated by Defendant Calina bore the name of Defendant Autobahn Freight Lines, LTD. as well as its DOT number and/or MC (operating authority) number.

40.     As a direct and proximate result of this crash and a direct and proximate result of the negligence of Autobahn Freight Lines, LTD., and its agents, servants, and employees, including Defendant Calina, Plaintiffs Debra Cook and Maria Flora suffered and continue to suffer permanent and disabling injuries.

41.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Autobahn Freight Lines, LTD., and its agents, servants, and employees, including Defendant Calina, Plaintiff Debra Cook, sustained severe injuries to her head, neck, upper back, shoulders.

42.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Autobahn Freight Lines, LTD., and its agents, servants, and employees, including Defendant Calina, Plaintiff Maria Flora, sustained severe injuries to her head, neck and lower back.

43.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Autobahn Freight Lines, LTD. and its agents, servants, and employees, including, Defendant Calina, Plaintiff Debra Cook has incurred medical bills in excess of $454,000.00 and will continue to incur medical expenses related to the treatment of the injuries sustained in the crash.

44.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Autobahn Freight Lines, LTD. and its agents, servants, and employees, including, Defendant Calina, Plaintiff Maria Flora has incurred medical bills in excess

6

of $28,000.00 and will continue to incur medical expenses related to the treatment of the injuries sustained in the crash.

**COUNT I**

**NEGLIGENCE AGAINST DEFENDANT CALINA**

**COMES NOW** Plaintiffs Debra Cook and Maria Flora and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Calina and further states:

45.     At the time of this crash, Defendant Calina negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

  a)     Driving too fast for conditions;

  b)     Failing to reduce speed to avoid a collision;

  c)     Failing to keep a proper lookout;

  d)     Failing to take proper remedial action which could have avoided this collision or minimized the impact;

  e)     Operating the tractor-trailer without adequate training and experience;

  f)     Operating the tractor-trailer when not properly qualified to do so;

  g)     Driving while tired and/or fatigued;

  i)     Driving while under the unsafe side-effects of prescription medication;

  j)     Driving overly aggressive;

  m)     Failing to stop his tractor-trailer, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with Plaintiff's vehicle, when he could and should have done in so in the exercise of the highest degree of reasonable care

46.     At least one of the negligent acts or omissions by Defendant Calina, as described

7

in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiffs Debra Cook and Maria Flora.

47.     As a direct and proximate result of the negligence of Defendant Calina, Plaintiffs Debra Cook and Maria Flora, were seriously injured as described herein and have sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

48.     Defendant Calina knew or should have known that his conduct as described herein created a high degree of probability of injury.

49.     Defendant Calina was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs Debra Cook and Maria Flora to Aggravated (punitive) Damages.

50.     The operation of the tractor-trailer by Defendant Calina and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Debra Cook and Maria Flora to Aggravated (punitive) Damages.

51.     The conduct of Defendant Calina as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Petition, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Debra Cook and Maria Flora to Aggravated (punitive) Damages.

8

**WHEREFORE** Plaintiffs Debra Cook and Maria Flora, separately and individually, pray for judgment against Defendant Calina in a sum in excess of Seventy-Five Thousand Dollars ($75,000) each, exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II - STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT AUTOBAHN FREIGHT LINES, LTD.

**COMES NOW** Plaintiffs Debra Cook and Maria Flora and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above as if they were set forth herein and further state:

52.     Based upon all aforementioned allegations, Defendant Autobahn Freight Lines, LTD. is vicariously liable for the negligence of Alexandru Calina based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiffs Debra Cook and Maria Flora, individually and separately, pray for judgment against Defendant Autobahn Freight Lines, LTD. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) each exclusive of costs and interest, as is fair and reasonable to compensate plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT III – VICARIOUS LIABILITY AGAINST DEFENDANT AUTOBAHN FREIGHT LINES, LTD.

**COMES NOW** Plaintiffs Debra Cook and Maria Flora and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above as if they were set forth herein and further state:

53.     At all times relevant, Defendant Calina was acting in the course and scope of his agency and/or employment with Defendant Autobahn Freight Lines, LTD.

54.     Based upon the prior allegations, Defendant Autobahn Freight Lines, LTD. is vicariously liable for the negligence of Defendant Calina based upon the doctrines of agency and respondeat superior.

**WHEREFORE** Plaintiffs Debra Cook and Maria Flora, individually and separately, pray for judgment against Defendant Autobahn Freight Lines, LTD. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) each exclusive of costs and interest, as is fair and reasonable to compensate plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IV – INDEPENDENT NEGLIGENCE AGAINST DEFENDANT AUTOBAHN FREIGHT LINES, LTD.

**COMES NOW** Plaintiffs Debra Cook and Maria Flora and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above as if they were set forth herein and further state:

55.     At all times relevant, Defendant Autobahn Freight Lines, LTD. was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

56.     Throughout its existence, Defendant Autobahn Freight Lines, LTD. has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

57.     As an interstate motor carrier, Defendant Autobahn Freight Lines, LTD. has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

58.     The various safety regulations included within Parts 390 – 397, of which Defendant Autobahn Freight Lines, LTD. had a duty to follow, include, but are not limited to, the following:

a.   Defendant Autobahn Freight Lines, LTD. had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

b.   Defendant Autobahn Freight Lines, LTD. had a duty to not require or permit a driver, including Defendant Calina, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

c.   Defendant Autobahn Freight Lines, LTD. had a duty to not allow or permit a driver, including Defendant Calina, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

d.   Defendant Autobahn Freight Lines, LTD. had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

e.   Defendant Autobahn Freight Lines, LTD. had an independent duty to prohibit its

employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant Autobahn Freight Lines, LTD. an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.  Defendant Autobahn Freight Lines, LTD. had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.  Defendant Autobahn Freight Lines, LTD. had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant Calina, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.  Defendant Autobahn Freight Lines, LTD. had an independent duty require each of its drivers, including Defendant Calina, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.  Defendant Autobahn Freight Lines, LTD. had an independent duty to prohibit its employees, including Defendant Calina, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.  Defendant Autobahn Freight Lines, LTD. had an independent duty to ensure that its drivers, including Defendant Calina, were physically qualified to operate a

12

commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.   Defendant Autobahn Freight Lines, LTD. had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Calina on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash.  40 C.F.R. §396.3.

59.   That Defendant Autobahn Freight Lines, LTD. had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

60.   That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

61.   That, at all times prior to the aforementioned collision, Defendant Autobahn Freight Lines, LTD. failed to have in place an adequate safety program.

62.   As a result of its inadequate and/or inexistent safety program, Defendant Autobahn Freight Lines, LTD. violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiffs Debra Cook and Maria Flora.

63.   As a result of its inadequate and/or inexistent safety program, Defendant Autobahn Freight Lines, LTD. allowed its drivers, including Defendant Calina, to violate

13

numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiffs Debra Cook and Maria Flora.

64. That Defendant Autobahn Freight Lines, LTD.'s violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff Debra Cook and Maria Flora.

65. Defendant Autobahn Freight Lines, LTD. was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

66. Defendant Autobahn Freight Lines, LTD. was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Calina, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

67. As a direct and proximate result of the independent negligence of Defendant Autobahn Freight Lines, LTD., Plaintiffs Debra Cook and Maria Flora were injured and sustained damages and will continue to be damaged in the manners previously described in this Petition.

68. Defendant Autobahn Freight Lines, LTD. knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiffs Debra Cook and Maria Flora.

69. The conduct of Defendant Autobahn Freight Lines, LTD. as described herein,

14

specifically including violations of Illinois state law and the various Federal Motor Carrier

Safety Regulations was willful, wanton, and reckless, and shows complete indifference and

conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs Debra Cook

and Maria Flora to Aggravated (punitive) Damages.

70.     Because of Defendant Autobahn Freight Lines, LTD.'s willful, wanton, and

reckless behavior, and for their indifference and conscious disregard for the safety of the

motoring public, aggravated (punitive) damages are appropriate in this action in order to punish

Defendant Autobahn Freight Lines, LTD. and to deter others from similar conduct.

71.     Defendant Autobahn Freight Lines, LTD.'s reckless and intentional behavior, and

their complete indifference and conscious disregard for the safety of the motoring public, directly

and proximately caused the wreck and the resulting injuries to Plaintiffs Debra Cook and Maria

Flora described herein.

**WHEREFORE** Plaintiffs Debra Cook and Maria Flora pray for judgment individually

and separately against Defendant Autobahn Freight Lines, LTD. in a sum in excess of Seventy-

Five Thousand Dollars ($75,000) each exclusive of costs and interest, as is fair and reasonable

to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such

other relief this Court deems just and proper under the circumstances.

## COUNT V – DIRECT NEGLIGENCE AGAINST DEFENDANT AUTOBAHN FREIGHT LINES, LTD. BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiffs Debra Cook and Maria Flora and repeat, incorporate, and re-

allege each and every paragraph and sub-paragraph set forth above as if they were fully

incorporated in this count and further state:

72.     At all times prior to the aforementioned collision, Defendant Autobahn Freight Lines, LTD. had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

73.     Such duties include, but are not limited to:

a)     To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)     To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)     To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)     To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)     To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)     Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)     Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

74.     Defendant Autobahn Freight Lines, LTD. had a duty to comply with all of the

16

above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiff Debra Cook, from the unsafe operation of commercial motor vehicles by its drivers.

75.    Defendant Calina was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

76.    That, because of Defendant Calina's aforementioned inadequacies, Defendant Autobahn Freight Lines, LTD. should not have hired him to operate a commercial motor vehicle.

77.    That Defendant Autobahn Freight Lines, LTD. knew, or through the exercise of ordinary care should have known that Defendant Calina was unqualified to safely operate a commercial motor vehicle.

78.    That by failing to properly and adequately screen and investigate its drivers, including Defendant Calina, before and during employment, Defendant Autobahn Freight Lines, LTD. violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

79.    Had Defendant Autobahn Freight Lines, LTD. obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Calina was unqualified to safely operate a commercial motor vehicle.

80.    Defendant Calina's negligent actions on the day of the collision with Plaintiff were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

81.    Defendant Autobahn Freight Lines, LTD.'s actions and omissions in hiring

17

Defendant Calina, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiff Debra Cook resulting from the aforementioned motor vehicle collision.

82.    Defendant Autobahn Freight Lines, LTD.'s actions and omissions in hiring Defendant Calina, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs Debra Cook and Maria Flora.

83.    Defendant Autobahn Freight Lines, LTD.'s willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and aggravated (punitive) damages are appropriate in this action in order to punish Defendant Autobahn Freight Lines, LTD. and to deter others from similar conduct.

**WHEREFORE** Plaintiffs Debra Cook and Maria Flora, individually and separately, pray for judgment against Defendant Autobahn Freight Lines, LTD. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) each exclusive of costs and interest, as is fair and reasonable to compensate plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VI – DIRECT NEGLIGENCE AGAINST DEFENDANT AUTOBAHN FREIGHT LINES, LTD. BASED UPON NEGLIGENT TRAINING

**COMES NOW** Plaintiffs Debra Cook and Maria Flora and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further state:

84.     Defendant Autobahn Freight Lines, LTD. owed the general public, including Plaintiffs Debra Cook and Maria Flora, a duty to properly train its drivers, including Defendant Calina, on the safe operation of a tractor-trailer.

85.     Defendant Autobahn Freight Lines, LTD. failed to properly instruct Defendant Calina on the safe operation of a tractor-trailer.

86.     Defendant Autobahn Freight Lines, LTD. owed the general public, including Plaintiff Debra Cook, a duty to properly train its drivers, including Defendant Calina, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

87.     At all times prior to the aforementioned collision, Defendant Autobahn Freight Lines, LTD. had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

88.     Such duties include, but are not limited to:

a)     To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

b)     To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503;

c)     To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

89.     Defendant Autobahn Freight Lines, LTD. had a duty to properly instruct its drivers, including Defendant Calina on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial

19

motor vehicle.

90.     Defendant Autobahn Freight Lines, LTD. failed to properly instruct Defendant Calina on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

91.     Defendant Autobahn Freight Lines, LTD. owed the general public, including Plaintiff Debra Cook, a duty to provide ongoing safety courses to its drivers, including Defendant Calina.

92.     Defendant Autobahn Freight Lines, LTD. failed to provide adequate continuing safety courses to Defendant Calina.

93.     Defendant Autobahn Freight Lines, LTD. had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiffs Debra Cook and Maria Flora, from the unsafe operation of commercial motor vehicles by its drivers.

94.     Defendant Autobahn Freight Lines, LTD. breached its duty to the general public, including the Plaintiffs Debra Cook and Maria Flora, by its failing to properly train Defendant Calina, Defendant Autobahn Freight Lines, LTD.' tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

95.     Based on Defendant Calina's driving history, inadequate experience, and training, Defendant Autobahn Freight Lines, LTD. knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

96.     That Defendant Autobahn Freight Lines, LTD. was negligent in failing to

properly train its drivers, including Defendant Calina, on the safe operation of a commercial

motor vehicle and the Federal Motor Carrier Safety Regulations.

97.     That Defendant Autobahn Freight Lines, LTD. was negligent in failing to

provide continuing education on the safe operation of a commercial motor vehicle and on the

Federal Motor Carrier Safety Regulations.

98.     That Defendant Calina's aforementioned negligent actions and/or inactions

were consistent with the fact that Defendant Autobahn Freight Lines, LTD. failed to properly

train him in the safe operation of a commercial motor vehicle and/or the adherence to the

Federal Motor Carrier Safety Regulations.

99.     These actions and omissions of Defendant Autobahn Freight Lines, LTD.

relating to this crash were willful, wanton, and reckless, and demonstrated a complete

indifference and conscious disregard for the law and for the safety of others, including

Plaintiff Debra Cook.

100.     Defendant Autobahn Freight Lines, LTD.'s willful, wanton, and reckless

behavior, and for its complete indifference and conscious disregard for the safety of the

motoring public, aggravated (punitive) damages are appropriate in this action in order to

punish Defendant and to deter others from similar conduct.

101.     Plaintiffs' injuries were directly and proximately caused by Defendant

Autobahn Freight Lines, LTD.'s breach of and failure to comply with its duty to properly

train Defendant Calina, its tractor-trailer driver.

**WHEREFORE** Plaintiffs Debra Cook and Maria Flora, individually and separately,

pray for judgment against Defendant Autobahn Freight Lines, LTD. in a sum in excess of

Seventy-Five Thousand Dollars ($75,000) each exclusive of costs and interest, as is fair and

21

reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VIII – DIRECT NEGLIGENCE AGAINST DEFENDANT AUTOBAHN FREIGHT LINES, LTD. BASED UPON NEGLIGENT SUPERVISION

**COMES NOW** Plaintiffs Debra Cook and Maria Flora and repeat, incorporate, and re-allege each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further state:

102.    Defendant Autobahn Freight Lines, LTD. owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

103.    Defendant Autobahn Freight Lines, LTD. had a duty to not require or permit a driver, including Defendant Calina, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

104.    Defendant Autobahn Freight Lines, LTD. had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving.  49 C.F.R. §391.25.

105.    Defendant Autobahn Freight Lines, LTD. had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

106.    Defendant Autobahn Freight Lines, LTD. had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

107.    Defendant Autobahn Freight Lines, LTD. had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

108.    Defendant Autobahn Freight Lines, LTD. had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

109.    Defendant Autobahn Freight Lines, LTD. had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

110.    Defendant Autobahn Freight Lines, LTD. had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff Debra Cook, from the unsafe operation of commercial motor vehicles by its drivers.

111.    Defendant Autobahn Freight Lines, LTD. breached its above listing duties to the general public, including the Plaintiffs Debra Cook and Maria Flora, by its failing to properly supervise Defendant Calina, Defendant Autobahn Freight Lines, LTD.'s tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

112.    Based on Defendant Calina's driving history, lack of supervision and continued retention by his employer, Defendant Autobahn Freight Lines, LTD. knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

23

113.    These actions and omissions of Defendant Autobahn Freight Lines, LTD. relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs Debra Cook and Maria Flora.

114.    Defendant Autobahn Freight Lines, LTD.'s willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

115.    Plaintiffs Debra Cook and Maria Flora's injuries were directly and proximately caused by Defendant Autobahn Freight Lines, LTD.'s breach of and failure to comply with its duty to properly train Defendant Calina, its tractor-trailer driver.

**WHEREFORE** Plaintiffs Debra Cook and Maria Flora, individually and separately, pray for judgment against Defendant Autobahn Freight Lines, LTD. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) each exclusive of costs and interest, as is fair and reasonable to compensate plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

DEBRA COOK, PLAINTIFF and
MARIA FLORA, PLAINTIFF

By:/s/ *Sean T. Keith*

Sean T. Keith, AR Lic. No. 93158
Keith Law Group, PLLC
5050 W. Northgate, Suite 108
Rogers, AR 72758-1425
479-335-1355
sean@keithlawgroup.com

24

Stephen Schultz (Pro Hac Vice Forthcoming)
Missouri Lic. No. 59940
Schultz & Myers
999 Executive Parkway, Suite 205
St. Louis, MO 63141
314-444-4444
stephen@schultzmyers.com

Deme Sotiriou (Pro Hac Vice Forthcoming)
Missouri Lic. No. 56611
Schultz & Myers
999 Executive Parkway, Suite 205
St. Louis, MO 63141
314-444-4444
deme@schultzmyers.com