IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DEBRA COOK and
MARIA FLORA,

        Plaintiffs,

vs.

AUTOBAHN FREIGHT LINES, LTD.,
and
ALEXANDRU CALINA,

        Defendants.

Case No: 2:20-cv-186 DPM

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, all parties to the above-captioned action agree and consent to be bound by the following Protective Order to facilitate the exchange of discoverable information and, in particular, the production of documents and the service of discovery responses. It is further understood and agreed by all parties that this Order will apply to documents that would be deemed confidential. This Protective Order is intended to provide the parties with a permissible purpose for the production h use of such documents in this litigation.

1. "Confidential Information," as used in this Order, shall mean any document believed by any party, in good faith, to be subject to a protective order pursuant to Rule 26(c)(1), and accordingly designated and marked "CONFIDENTIAL" by any party. Confidential Information also includes any other information or documentation any party believes, in good faith, to contain Confidential Information and is produced pursuant to a subpoena served by any party to the case, and thereafter designated and marked as "CONFIDENTIAL" by any party.

1

2. That the documents, materials, or information provided or produced by the parties will be identified as "CONFIDENTIAL" to show the fact that they are being produced or provided subject to a Protective Order. If practicable, it should be redacted. FED. R. CIV. P. 5.2. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

3. Except upon further Order of this Court, Confidential Information furnished in this Action shall be used or disclosed solely for purposes of this litigation and for no other reason. The recipient of Confidential Information may disclose such information to:

    a. The parties;

    b. Counsel of Record and their legal assistants, secretaries, and support personnel who are directly employed by those attorneys and who are assisting them in this action;

    c. Any court reporter recording or transcribing testimony in this case;

    d. The Court before which this case is pending, including necessary court personnel, courtroom technicians, and jury members;

    e. Fact witnesses and prospective fact witnesses for depositions and trial in this case or for purposes of preparation therefore;

    f. Expert consultants or witnesses who may be called at trial in this case;

    g. Any other designated person upon the prior written consent of all parties to this case, or upon Order or ruling of the Court; and

        h.      Any mediators.

    4.      That any person who reviews "CONFIDENTIAL" information, documents, or materials shall be advised that they are bound by this Order and shall agree not to disseminate, divulge or discuss the information, documents or materials provided or produced to any person or entity not identified in paragraph (3) of this Order.

    5.      Confidential Information shall be marked "CONFIDENTIAL." Designation shall be made by marking "CONFIDENTIAL" on each page of the documents produced. Efforts shall be made to prevent the designation from obscuring the text or content of any document or item so marked.

    6.      Upon termination of this litigation, whether by settlement, judgment, or decision on appeal, counsel for each party shall upon request assemble and return all documents designated as "CONFIDENTIAL" that does not contain attorney notes or other attorney work product or certify that such material has been destroyed. This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

    7.      The use of Confidential Information as evidence at trial shall be subject to such order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

    8.      The parties reserve all rights to apply to the Court for an Order:

        a.      Modifying this Order; or

        b.      Seeking further protection against discovery or other use of Confidential Information or documents, transcripts, or materials reflecting Confidential Information.

9. In the event a party disputes or objects to another party's classification of a document as "CONFIDENTIAL," counsel shall first confer in good faith to determine whether an agreement can be reached. If the parties reach an impasse, they should file a joint report explaining the disagreement under the CM/ECF event called "Joint Report of Discovery Dispute". Any attached documents must be redacted as required by Federal Rule of Civil Procedure 5.2 to protect confidential information.

IT IS SO ORDERED.

*D.P. Marshall Jr.    11 August 2021*
HONORABLE D.P. MARSHALL, JR.